UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CHRISTIAN GOMEZ,                                  :
                                                  :
                 Petitioner,           :
                                                  :    07 Civ. 9464 (HB) (THK)
  - against -                                    :
                                                  :    OPINION AND ORDER
WILLIAM BROWN,                                    :
                                                  :
                 Respondent.           :
-------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge**[*]:

      Christian Gomez ("Petitioner") proceeding *pro se*, brings this petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, to challenge his conviction on one count of Criminal Sale of a Controlled Substance in the First Degree (N.Y. Penal Law § 220.43(1)), and one count of Criminal Sale of a Controlled Substance in the Second Degree (N.Y. Penal Law § 220.41(1)), following a jury trial in Supreme Court, New York County.  Petitioner claims that his Sixth Amendment rights were violated due to: (1) the improper admission of hearsay testimony at trial; (2) ineffective assistance of trial counsel; and (3) ineffective assistance of appellate counsel.  After a thorough review of the petition and the trial record, Magistrate Judge Theodore H. Katz issued a Report and Recommendation ("R & R") on April 10, 2009, recommending that the Petition be denied with prejudice.  Petitioner timely submitted objections to the R & R.[1]  Upon this Court's careful review of all the submissions in this case, the R & R is adopted in its entirety and the petition is denied with prejudice.

## I.  BACKGROUND

      The facts and procedural background of this case were extensively outlined in Judge Katz's R & R, and familiarity therewith is presumed.  As such, the Court will briefly summarize only the facts most pertinent to the petition.

**The Investigation and Arrest**

      Petitioner's convictions arise from two sales of crack cocaine to an undercover police officer, one of which occurred on September 7, 2001 and the other on October 3, 2001.

---

[*] Catherine Hartman, a Summer 2009 intern in my Chambers and a second-year law student at Columbia Law School, provided substantial assistance in the research and drafting of this opinion.

[1] Judge Katz's R & R, dated April 10, 2009, is postmarked April 13, 2009 and stamped as received on April 20, 2009. Petitioner's Letter in Opposition to the R & R, dated April 27, 2009, is postmarked April 27, 2009 and stamped as received on April 29, 2009.

From May to October 2001, the New York City Police Department conducted a narcotics investigation in which an undercover officer ("UC 5673") and a field team frequented the general area of 1624 Amsterdam Avenue at least three times per week, in which they focused in particular on the activities at two businesses: El Dorado Restaurant ("El Dorado") and J & C Communications Multi-Service ("J & C Communications").  Trial Transcript ("Tr.") at 70-73, 76. The investigation involved several purchases of crack cocaine, including the two transactions relevant here.  *Id.* at 183-212, 217-30.  On September 7, 2001, UC 5673 entered El Dorado to negotiate a narcotics purchase with Elio Roche, a subject of the investigation from whom UC 5673 previously had purchased narcotics.  *Id.* at 83-86, 197.  When Petitioner approached UC 5673, the latter indicated that he only wanted to deal with Roche, as he had not previously seen Petitioner.  Roche assured UC 5673 that "it was okay, he's cool, everything is all right."  Tr. at 189.  According to UC 5673, Roche also stated "[w]e are all in this together."[2]  After some negotiation, Petitioner left the restaurant, then returned and delivered a bag of crack cocaine to Roche, who subsequently passed the bag on to UC 5673.  *Id.* at 191.  After examining the contents of the bag, UC 5673 paid Roche $1,950 for the sixty-five grams of crack cocaine.  *Id.* at 191, 210-11.  The contents of the bag were later tested and confirmed to contain two and one-quarter ounces and three grains of cocaine.  *Id.* at 237-38.

On October 3, 2001, UC 5673 and a field team again monitored 1624 Amsterdam Avenue. *Id.* at 119-20.  When UC 5673 entered El Dorado, he requested fifteen grams of crack cocaine from Petitioner and settled on a price of thirty dollars per gram.  *Id.* at 225.  As before, Petitioner exited the restaurant to retrieve the narcotics, but on this occasion, upon his returning to the restaurant, personally handed the bag to UC 5673.  *Id.* at 228.  After inspecting the contents of the bag, UC 5673 paid Petitioner $450.  *Id.* at 229.  Subsequent tests of the contents of the bag by a police chemist revealed that the bag contained one-half ounce and eight and one-half grains of cocaine.  *Id.* at 236-37.  Petitioner was arrested pursuant to a warrant on October 24, 2001.  *Id.* at 137-38.

**Procedural Background**

After a trial by jury, Petitioner was convicted of Criminal Sale of a Controlled Substance in the First and Second Degrees.  *Id.* at 437.  Following Petitioner's conviction, the court adjudicated Petitioner a second felony offender, and sentenced him on March 19, 2003 to

---

[2]  The People sought to introduce these two statements by Roche during Petitioner's trial.  As discussed in further detail below, Petitioner failed to object to the introduction of the first statement (i.e., "it was okay, he's cool, everything is all right.").  The second statement, however, was excluded as inadmissible hearsay.  Tr. at 170-72.

2

concurrent indeterminate terms of fifteen years to life imprisonment for the first-degree sale charge, and six years to life imprisonment for the second-degree sale charge. 3/19/03 Tr. at 12. On appeal, Petitioner argued that the trial court violated his Sixth Amendment right to confront the witnesses against him by allowing UC 5673 to testify as to Roche's out-of-court statement that "it was okay, he's cool, everything is all right." The New York State Supreme Court Appellate Division rejected Petitioner's argument and affirmed his conviction. *See People v. Gomez*, 801 N.Y.S.2d 294 (1st Dep't 2005). According to the Appellate Division, Petitioner's claim failed procedurally because the claim was not preserved for review, but even if the argument were properly before the court, there was no error because the statement was admissible as background evidence to explain the officer's conduct. *Id.* at 828. The Court of Appeals denied Petitioner's request for leave to appeal. *See People v. Gomez*, 811 N.Y.S.2d 343 (2006).

Subsequently, on February 23, 2006, Petitioner moved *pro se* to vacate the judgment of conviction, pursuant to N.Y. Crim. Proc. Law § 440.10, based on ineffective assistance of trial counsel. *See* Declaration of Ashlyn Dannelly, Esq. ("Dannelly Decl."), Exhibit ("Ex.") F. Petitioner asserted that he received ineffective assistance from his trial counsel because his counsel (1) failed to object when UC 5673 testified about co-conspirator Roche's hearsay statement that "its okay, we're all in this together," and (2) failed to question Petitioner about the truthfulness of his co-conspirator's statement. *Id.* The motion was denied on May 4, 2006. *See id.* Ex. I. On September 14, 2006, the Appellate Division denied Petitioner leave to appeal. *See id.* Ex. L. Subsequently, on February 22, 2007, Petitioner filed a *pro se* petition for a writ of error *coram nobis* in the Appellate Division, claiming that he received ineffective assistance from appellate counsel because appellate counsel failed to argue that trial counsel provided ineffective assistance. In his petition, Petitioner contended that trial counsel's performance was ineffective because he should have moved to dismiss the first-degree sale count, arguing that the evidence was insufficient to support Petitioner's conviction. *See id.* Ex. M. The Appellate Division summarily denied *coram nobis* relief on May 24, 2007, and Petitioner sought leave to appeal the denial to the New York Court of Appeals. *See id.* Ex. O. Petitioner's request was denied on August 22, 2007. *See id.* Ex. Q.

**Petition for Writ of *Habeas Corpus***

In Petitioner's *pro se* petition for a writ of *habeas corpus*, dated October 3, 2007, Petitioner contends that: (1) Roche's statement to UC 5673 that "it was ok, it's cool, everything is alright" was hearsay and therefore deprived Petitioner of his Sixth Amendment right to confront

3

witnesses; (2) Petitioner's trial counsel was ineffective for failing to object to admission of the hearsay statement;[3] and (3) appellate counsel was ineffective for failing to argue that the weight of the narcotics was insufficient to support Petitioner's conviction for first-degree criminal sale of a controlled substance.  The matter was assigned to me and referred to Judge Katz to prepare an R & R.  On April 10, 2009, Judge Katz found that the trial evidence was sufficient to permit a reasonable jury to convict Petitioner, and recommended that this Court deny the petition with prejudice.  R & R at 32. Petitioner's timely objections challenged Judge Katz's conclusions as to Petitioner's third claim, and reasserted Petitioner's position that he received ineffective assistance from appellate counsel due to his counsel's failure to argue that the weight of the narcotics was insufficient to support Petitioner's first-degree conviction.  Petitioner did not file objections to Judge Katz's conclusion that Petitioner is not entitled to *habeas* relief based on his first two claims.

## II. DISCUSSION

**Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(C), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Objections to a magistrate judge's report and recommendation must be "specific" and "written," and must be made "[w]ithin 10 days after being served with a copy of the recommended disposition." Fed.R.Civ.P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Whereas the court must make a *de novo* determination of the portions of the report to which timely objections are made, 28 U.S.C. § 636(b)(1)(C), with respect to the uncontested portions of a report and recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record." *Reyes v. Mantello,* No. 00-Civ.-8936, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003) (quoting *Nelson v. Smith,* 618 F. Supp. 1186, 1189 (S.D.N.Y.1985)); 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Donahue v. Global Home Loans & Fin., Inc*., No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. 2007).  A finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Schwartz v. Metro. Prop. and Cas. Ins. Co.*, 393 F. Supp. 2d 179, 180-81 (E.D.N.Y. 2005) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)); *see also United States v. Isiofia,* 370 F.3d 226, 232 (2d Cir. 2004).  Under the clear error standard, the district court "may not simply substitute its

---

[3] As discussed further below, Petitioner does not specify in his petition to which of Roche's two statements this claim refers.   *See* Petition at 4.

judgment for that of the deciding court," as would be permitted under a *de novo* standard. *See Grimes v. City & County of San Francisco,* 951 F.2d 236, 241 (9th Cir. 1991).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), when a state court has reached the merits of a federal claim, *habeas* relief may not be granted unless the state court's decision was "contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §§ 2254(d)(1). A district court may grant a writ of *habeas corpus* based on the "contrary to" language of the statute if it determines that "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

Irrespective of whether the "contrary to" language is applicable, a petitioner's writ may still be granted if "the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409-10. To establish that a state court's decision was objectively unreasonable, a *habeas* court does not require that "reasonable jurists would all agree" that the state court erred; however, it does require that the trial court has committed more than a simply "erroneous" or "incorrect" application. *Henry v. Poole*, 409 F.3d 48, 68 (2d Cir. 2005) (quoting *Williams*, 529 U.S. at 411). This Circuit has consistently construed the statute such that the standard we are to apply exists somewhere between "merely erroneous and unreasonable to all reasonable jurists." *Francis S. v. Stone,* 221 F.3d 100, 109 (2d Cir. 2000); *see also Williams,* 529 U.S. at 408.

The state court's determination of factual issues is "presumed to be correct" and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Hoi Man Yung v. Walker*, 468 F.3d 169, 176 (2d Cir. 2006). Nonetheless, in reviewing petitions by *pro se* litigants, the court remains mindful of this Circuit's firmly established practice of liberally interpreting *pro se* submissions "to raise the strongest arguments that they suggest." *Pabon v. Wright,* 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994)); *see also Brownell v. Krom,* 446 F.3d 305, 310 (2d Cir. 2006). The underlying reasoning of this policy is that "[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983); *see also Ruotolo v. I.R.S.,* 28 F.3d 6, 8 (2d Cir. 1994) (recognizing that *pro se* litigants must be afforded "special solicitude").

**Confrontation Clause Claim**

As noted above, Petitioner did not file objections to the portion of Judge Katz's R & R that addressed Petitioner's Sixth Amendment claim and ultimately recommended that this Court dismiss the claim. I review the relevant portion of the R & R under a clear error standard, *Reyes*, 2003 WL 76997, at *1; 28 U.S.C. § 636(b)(1)(C), and after careful consideration of all of the evidence, this Court finds no clear error with respect to Judge Katz's conclusions on Petitioner's first claim.[4] *See Schwartz*, 393 F. Supp. 2d at 180-81. Thus, I adopt this portion of Judge Katz's recommendation.

In his *habeas* petition, Petitioner contends that the admission of certain testimony by UC 5673 during the trial violated the Confrontation Clause of the Sixth Amendment. Specifically, Petitioner claims that his Sixth Amendment right to confront adversarial witnesses was infringed as a result of UC 5673's testimony that when UC 5673 expressed his concern about Petitioner's presence during a narcotics transaction, Petitioner's co-conspirator stated that "it was okay, it's cool, everything is alright." Tr. at 189. The Appellate Division determined that this claim was not preserved for review, as the statement was never objected to at trial nor challenged in an *in limine* motion. Federal *habeas* courts may not review the judgment of a state court that rests on a procedural default that is "independent of [a] federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); s*ee also Jimenez v. Walker*, 458 F.3d 130, 136 (2d Cir. 2006). Nevertheless, there are some "exceptional cases in which [the] exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 534 U.S. 362, 363 (2002). In *Lee*, the Supreme Court created the following considerations to aid a federal court in its determination as to whether a state court has exorbitantly applied a procedural rule:

> (1) whether the alleged procedural violation was actually relied on in the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate government interest.

*Cotto v. Herbert*, 331 F.3d 217, 239 (2d Cir. 2003) (citing *Lee*, 534 U.S. at 381-85). Rather than creating a strict test, the Court intended these factors to serve merely as guidelines to help

---

[4] Indeed, the Court would reach the same conclusion even if it reviewed the R & R under a *de novo* standard.

6

"evaluate the state interest in a procedural rule against the circumstances of a particular case." *Lee*, 534 U.S. at 386-87.

Additionally, even if a state court has relied upon an adequate and independent state procedural bar in rejecting a claim, the claim is not barred from federal *habeas* review if "the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *accord Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005). To prove cause, a petitioner must "show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim in state court." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Once a petitioner proves cause, the petitioner must also establish prejudice by demonstrating that there is a "reasonable probability" that, but for the constitutional violation that is the subject of the defaulted claim, the outcome of the relevant proceeding would have been different. *See Strickler v. Greene*, 527 U.S. 263, 289 (1999); *McClesky*, 499 U.S. at 494-95. Alternatively, a defaulted claim can be heard if a petitioner can demonstrate that the failure to consider the defaulted claim would result in a fundamental miscarriage of justice. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Doe v. Menefee*, 391 F.3d 147, 160-61 (2d Cir. 2004) (finding "[c]redible claims of actual innocence are extremely rare.") (internal quotations omitted).

As Judge Katz correctly found, Petitioner has forfeited the possibility of federal *habeas* review of his Sixth Amendment claim because Petitioner's counsel did not object to the admissibility of the undercover's statement at trial. Under New York law, an error at trial is preserved for appellate review only when "a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same." N.Y. Crim. Proc. Law § 470.05(2). This rule "require[s], at the very least, that any matter which a party wishes the appellate court to decide have been brought to the attention of the trial court at a time and in a way that gave the latter the opportunity to remedy the problem and thereby avert reversible error." *People v. Luperon*, 85 N.Y.2d 71, 78 (1995); *accord Whitfield v. Ricks*, No. 01 Civ. 11398 (LAK), 2006 WL 3030883, at *11 (S.D.N.Y. Oct. 24, 2006) ("In order to raise an issue on appeal, New York law requires a defendant to have preserved the claim by raising it before the trial court."). As the Appellate

Division concluded, Petitioner's challenge to the admissibility of Roche's statement was unpreserved because there was no objection raised at trial.  *See Gomez*, 801 N.Y.S.2d at 294.

Further, Judge Katz properly concluded that the "contemporaneous objection requirement" is a firmly established independent and adequate state procedural bar and the repercussions for failure to comply with this requirement were necessarily enforced in Petitioner's case.  *See Garcia v. Lewis*, 188 F.3d 71, 79 (2d Cir. 1999) ("[W]e have observed and deferred to New York's consistent application of its contemporaneous objection rules."); *See also Garvey v. Duncan*, 485 F.3d 709, 717 (2d Cir. 2007); N.Y. Crim. Proc. Law § 470.05(2).   Further, in light of the factors identified in *Cotto* and *Lee*, the state court did not exorbitantly apply the contemporaneous objection rule in this case.

Moreover, this Court cannot hear Petitioner's Sixth Amendment claim because Petitioner did not demonstrate both cause and prejudice or show that a failure to consider the claim will result in a fundamental miscarriage of justice.  Petitioner cannot succeed in arguing that the cause of the default was his counsel's ineffective assistance in failing to object to UC 5673's testimony.  For reasons addressed below, the ineffective assistance claim itself is also procedurally barred.  Indeed, even if Petitioner's confrontation clause claim was properly preserved and subject to review by this Court, the claim nonetheless would fail because Petitioner has failed to show any prejudice.  As the state court found, UC 5673's statement was "admissible as background evidence to explain the officer's conduct."  *See People v. Gomez*, 801 N.Y.S.2d 294, 294 (N.Y. App. Div. 2005).  Further, this Court agrees with Judge Katz's recommendation that to dismiss the claim would not result in a fundamental miscarriage of justice, as the record contains overwhelming evidence of Petitioner's participation in the narcotics sales sufficient to support his conviction, and Petitioner has not presented any new evidence to show that he might actually be innocent.  For the foregoing reasons, Petitioner is not entitled to federal *habeas* relief based on the admission of Roche's hearsay statement.

**Ineffective Trial Counsel Claim**

As previously noted, Petitioner did not file objections to the portion of Judge Katz's R & R that recommends that this Court dismiss Petitioner's ineffective trial counsel claim.  Thus, I also review this portion of the R & R under a clear error standard.  *Reyes*, 2003 WL 76997, at *1; § 636(b)(1)(C).  Finding no clear error in Judge Katz's analysis, this Court adopts the recommendation with respect to Petitioner's second claim.  *See Schwartz*, 393 F. Supp. 2d at 180-81.

Petitioner's *habeas* claim that his trial counsel was ineffective for failing to object to the admission of UC 5673's testimony, which Petitioner asserts contained inadmissible hearsay statements, likewise fails due to procedural default and lack of merit. There are two possible statements to which Petitioner might assign error to his counsel for failure to object: first, "[w]e're all in this together;" and second, "it's ok, he's cool, everything is alright." Petitioner does not specify to which statement he claims his counsel should have objected; however, this lack of specificity is immaterial because Petitioner neglected to raise this argument on appeal as to either statement.

With respect to the first hearsay statement, Judge Katz found two independent reasons that prevent Petitioner's success: (1) admissibility of the statement was never challenged on appeal, and (2) the claim is meritless. There is no clear error on either finding. First, the record is clear that Petitioner failed to present this claim on appeal, but instead waited until he brought his § 440.10 motion to challenge the effectiveness of his counsel on this score. It is a well-established principle in New York that courts must deny a § 440.10 motion to vacate when an error is discernible from the trial record and the claim was not raised on appeal. *See Sweet v. Bennett*, 353 F.3d 135, 139-40 (2d Cir. 2003); *see also Williams v. Goord*, 277 F. Supp. 2d 309, 318-19 (S.D.N.Y. 2003). Thus, Petitioner's 440 motion was properly denied because all the facts relating to the claim of ineffective assistance of counsel appeared on the record, and yet, Petitioner failed to present his claim below.

Moreover, Petitioner has not demonstrated cause for his failure to raise the claim below. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 365 (S.D.N.Y. 2006) (denying *habeas* petition where record offered no reason for counsel's failure to raise the claim at the appropriate time). Although given the absence of cause, this Court need not address the prejudice prong; this Court nonetheless notes that Petitioner fails to demonstrate prejudice because the claim is meritless on its face. The trial court actually did preclude the relevant statement based on Petitioner's attorney's objection to admission of the statement, and thus, Petitioner has no viable claim of ineffective assistance of trial counsel.

Alternatively, if Petitioner intended instead to bring an ineffective assistance claim based on his attorney's failure to object to the latter hearsay statement, the claim nonetheless suffers from procedural default and must be denied. Before a federal court may consider the merits of a *habeas corpus* petition, the petitioner must exhaust all available state court remedies by presenting his constitutional claims to the highest court of the state. *See* 28 U.S.C. § 2254(b). Where state

9

law affords petitioner a right to raise a constitutional claim "by any available procedure," and the claim is not raised, it cannot be deemed exhausted.  § 2254(c).  "[I]t is not sufficient merely that the [petitioner] has been through the state courts."  *Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994) (citing *Picard v. Conner*, 404 U.S. 270, 275-76 (1971)).  Rather, the claims must be "fairly presented" to the state courts to provide the state with an opportunity to correct any alleged constitutional violations.  *Id.*  Petitioner never raised this specific claim in state court and therefore did not exhaust all available state court remedies, as required for *habeas corpus* review.  *See* § 2254(b); *see also Ellman*, 42 F.3d at 147.

When a petitioner no longer has "remedies available" in the state courts, because he or she is procedurally barred by state law from raising such claims, the *habeas* court may deem the claims exhausted but procedurally defaulted.  *See Grey v. Hoke*, 933 F.2d 117, 120-21 (2d Cir. 1991) (quoting *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990)).  In fact, "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred."  *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989).  Petitioner forfeited his opportunity to raise this claim on appeal, and because New York courts would refuse to address the unexhausted claim, to require Petitioner to return to the state court to exhaust the claim would be futile.  *See* N.Y. Court Rules § 500.10(a); *Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001); *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994).  For purposes of the statutory exhaustion requirement for presenting a *habeas corpus* petition to federal courts, the claim is therefore deemed exhausted, but procedurally defaulted.  *See* § 2254(b); *Grey*, 933 F.2d at 120-21; *Pesina*, 913 F.2d at 54.

Once more, Petitioner is unable to overcome the procedural hurdle because he has not even argued, leave alone demonstrated, cause for the default and prejudice.  As Judge Katz correctly found, even if Petitioner's claim was appropriately preserved, the second hearsay statement nevertheless was "plainly" admissible as background information.  R. & R. at 21.  Thus, Petitioner cannot show prejudice because his claim is with out merit.   Without any new evidence suggesting that Petitioner is actually innocent, and given the strong evidence of Petitioner's guilt based on the trial record, I adopt Judge Katz's recommendation that the jury's verdict is well-founded and the Court's rejection of Petitioner's claim will not result in a miscarriage of justice.  Thus, Petitioner's claim of ineffective assistance of trial counsel is barred irrespective of which specific statement formed the basis of his claim.

**Ineffective Appellate Counsel Claim**

Petitioner's final *habeas* claim rests on the ground that his appellate counsel provided ineffective assistance because he failed to argue that the weight of the narcotics testified to by the People's expert was insufficient to sustain a conviction for Criminal Sale of a Controlled Substance in the First Degree. As noted, Petitioner filed a specific objection to the portion of Judge Katz's R & R that addressed this issue. Having reviewed this portion of the R & R *de novo*, this Court adopts Judge Katz's recommendation with respect to Petitioner's final claim. *See* 28 U.S.C. § 636(b)(1)(C); *Donahue*, 2007 WL 831816 at *1.[5]

Ineffective assistance of counsel claims are governed by the standard enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See also Mosby v. Senkowski*, 470 F.3d 515, 519 (2d Cir. 2006). Under this standard, petitioner must show two elements to establish a violation of the Sixth Amendment right to effective assistance of counsel: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that petitioner was prejudiced by counsel's deficient performance. *See Strickland*, 466 U.S. at 686-88; *Henry*, 409 F.3d at 62-63; *United States v. Elshaer*, No. 96-Cr.-495, 2009 WL 1974388, at *2 (S.D.N.Y. July 8, 2009). To prevail on this type of claim, both elements of the *Strickland* test must be satisfied. *Strickland*, 466 U.S. at 700. However, "there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Under the first prong of the *Strickland* standard, Petitioner must prove that appellate counsel selected grounds for appeal unreasonably, such as by "omitt[ing] significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir. 1994). To "establish prejudice in the appellate context, a petitioner must demonstrate that there was a reasonable probability that his claim would have been successful" before the state's highest court. *Hemstreet v. Greiner*, 367 F.3d 135, 142 (2d Cir. 2004) (quoting *Mayo v. Henderson*, 13 F.3d 528, 534 (2d Cir. 1994)), *vacated on other grounds*, 378 F.3d 265 (2d Cir. 2004). Lastly, when a petitioner's § 2254 petition incorporates a *Strickland* argument, the petitioner must "do more than show that he would have satisfied *Strickland's* test if his claim were being analyzed in the first instance." A petitioner must also "show that [the state courts] applied

---

[5] Petitioner raised this claim in his writ of error *coram nobis*, and the Appellate Division summarily denied the application. The claim has been exhausted and therefore can be addressed on its merits herein.

*Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002).

The Court finds that the record fully supports the Appellate Division's conclusion that Petitioner received competent representation. Petitioner fails to satisfy both prongs of *Strickland* because he cannot show that his appellate counsel unreasonably failed to raise a meritorious claim, nor that he suffered any prejudice attributable to the conduct of appellate counsel. Petitioner was convicted of Criminal Sale of a Controlled Substance in the First Degree for the two and one-quarter ounces and three grains of crack cocaine sold on September 7, 2001, and Criminal Sale of a Controlled Substance in the Second Degree for the one-half ounce and eight and one-half grains of crack cocaine he sold on October 3, 2001. A defendant must sell two or more ounces of crack cocaine to satisfy a first-degree sale charge. *See* N.Y. Penal Law § 220.43(1). UC 5673's testimony established that he purchased a bag of cocaine from Petitioner on September 7, 2001, which was stipulated by the parties as weighing over two ounces. *See* Tr. at 191, 207-09, 235-38. Given UC 5673's testimony and the facts of the stipulation, there is no question that Petitioner sold the requisite amount of narcotics to satisfy the requirements for a first-degree narcotics sale conviction. Accordingly, appellate counsel was not ineffective for failing to raise this meritless claim. *See United States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999) ("Failure to make a meritless argument does not amount to ineffective assistance.").

### III. CONCLUSION

Having reviewed the uncontested portions of the R & R under a clear error standard, and having reviewed *de novo* the issues raised in Petitioner's objection, the Court adopts the Report and Recommendation of Judge Katz dated April 10, 2009 in its entirety, and the petition for a writ of *habeas corpus* is DENIED with prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk is directed to close this case and remove it from my docket.

SO ORDERED.
New York, New York
August    , 2009

_____
HAROLD BAER, JR.
United States District Judge

12